**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:18-cv-20839-UU

PATRICIA KENNEDY,

      Plaintiff,

v.

FLORIDIAN HOTEL INC.,

      Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, or in the Alternative, Motion for More Definite Statement (the "Motion to Dismiss"). D.E. 10. The Motion to Dismiss is fully briefed and ripe for disposition.

THE COURT has considered the Motion to Dismiss, the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is granted.

### I.     <u>Factual Background</u>

The following facts are taken from the well-pleaded allegations in Plaintiff's Complaint. D.E. 1. Plaintiff is an individual with disabilities as defined by the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA"), because she requires assistive devices to ambulate. D.E. 1 ¶ 1. Defendant owns, operates, or leases a place of lodging known as the Floridian Hotel, 990 N. Homestead Blvd., Homestead, FL 33030 (the "Property"). *Id.* ¶ 3. Defendant either by itself, or through a third party, operates or maintains a website for the Property. *Id.* ¶ 9. At some time prior

to commencing this lawsuit, Plaintiff visited Defendant's website for the purpose of reviewing and assessing the accessibility features at the Property, but was unable to do so because Defendant failed to comply with the ADA guidelines set out in 28 C.F.R. § 36.302(e), which require that owners and operators of public accommodations, *inter alia*, identify and describe accessibility services and features in such accommodations and permit disabled patrons to make reservations by the same means as individuals without disabilities. D.E. 1 ¶¶ 7, 10. Plaintiff asserts that she intends to revisit Defendant's website and online reservation system to reserve a room and ensure compliance with 28 C.F.R. § 36.302(e).

## II.    Procedural Background

On March 5, 2018, Plaintiff filed her Complaint, alleging that she was unable to determine the accessibility features of the Property because Defendant did not comply with 28 C.F.R. § 36.302(e), and therefore Defendant has discriminated against Plaintiff on the basis of her disability by denying her equal access to and full enjoyment of the goods and services on the Property. D.E. 1. As relief, Plaintiff seeks a declaratory judgment that Defendant was in violation of Title III of the ADA and 28 C.F.R. § 36.302(e) on March 5, 2018, injunctive relief in the form of an order requiring Defendant to modify its website to comply with 28 C.F.R. § 36.302(e), and attorney's fees. D.E. 1.

On April 17, 2018, Defendant filed the Motion to Dismiss. D.E. 10. The Motion to Dismiss makes a "facial attack" on the Court's subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff has not alleged an injury in fact and therefore lacks standing. D.E. 10. Defendant also argues that even if the Court has jurisdiction, the facts alleged do not state a claim for the alleged violations of the ADA under Federal Rule of Civil Procedure 12(b)(6). *Id.*

### III.   **Legal Standard**

A.   Motion to Dismiss for Lack of Subject-Matter Jurisdiction 12(b)(1)

"Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. 'Facial attacks' on the complaint require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion. 'Factual attacks,' on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (citations omitted) (internal quotations omitted).

"These two forms of attack differ substantially. On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true." *Id.* (citation omitted). However, "[o]n a factual attack of subject matter jurisdiction, a court's power to make findings of facts and to weigh the evidence depends on whether the factual attack on jurisdiction also implicates the merits of plaintiff's cause of action." *Garcia v. Copenhaver, Bell & Assocs.*, *M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (emphasis added).

"If the facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action, then: [T]he trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. … there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Lawrence*, 919 F.2d at 1529) (other quotations omitted).

"On the other hand, if an attack on subject matter jurisdiction also implicates an element of the cause of action, then: [T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection to the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion...." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415–16 (5th Cir.1981), cert. denied, 454 U.S. 897 (1981)).

### B.   Motion to Dismiss for Failure to State a Claim 12(b)(6)

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

**IV.    Analysis**

A.    Rule 12(b)(1) Jurisdiction

Defendant moves to dismiss for lack of subject-matter jurisdiction due to lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). D.E. 10. "Ordinarily, where both these grounds for dismissal apply, the court should dismiss only on the jurisdictional ground under Fed.R.Civ.P.12(b)(1), without reaching the question of failure to state a claim under Fed.R.Civ.P. 12(b)(6)." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."); *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1275 (11th Cir.2000) ("[S]tanding is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.") (citations omitted).[1] Accordingly, the Court will first consider Defendant's Rule 12(b)(1) argument.

I.    Rule 12(b)(1) – Factual or Facial Attack?

Defendant's Rule 12(b)(1) argument is a "facial attack" because Defendant argues that Plaintiff's Complaint does not adequately plead standing vis-à-vis her failure to allege an injury-in-fact. D.E. 10. Thus, Defendant is challenging the sufficiency of the pleadings, requiring the Court to "[l]ook and see if [the] plaintiff has sufficiently alleged a basis of subject matter

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit Court of Appeals held that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit.

jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977)).

II.   Rule 12(b)(1) – Standing

"[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan* v. *Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1)." *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190, 1203 n. 42 (11th Cir.1991). "[A]s with any jurisdictional requisite, we are powerless to hear a case when [standing] is lacking. 'Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.'" *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974–75 (11th Cir. 2005) (quoting *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d at 41).

Plaintiff bears the burden of demonstrating that it has standing by showing: "(1) [she] has suffered, or imminently will suffer, an injury-in-fact; (2) the injury is fairly traceable to the defendants' conduct; and (3) a favorable judgment is likely to redress the injury." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010). When a party seeks declaratory or injunctive relief, the "injury-in-fact" element requires that the party also "alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical— threat of *future* injury." *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001) (emphasis in original) (citation omitted); *See also Coccaro v. Geico Gen. Ins. Co.*, 648 F. App'x 876, 880 (11th Cir. 2016) (citing *Strickland v. Alexander*, 772 F.3d 876, 883

(11th Cir. 2014)) (explaining that the same injury-in-fact standing requirement applies to declaratory relief and injunctive relief claims). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). "Each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (citation omitted).[2] Accordingly, as the litigation is at the pleading stage, the Court applies the *Twombly* and *Iqbal* pleading standard to the instant Motion to Dismiss. *See id.; Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662.[3]

---

[2] In her Reply, Plaintiff asserts that "initial pleadings in Title III ADA actions are governed by the liberal pleading requirements of Fed R. Civ. P. 8(a)." D.E. 12 at 4. Plaintiff argues that to require more than a notice pleading standard is akin to the heightened pleading standards of Rule 9(b). *Id.* at 7. These arguments miss the mark. As already discussed above, the Supreme Court has clearly articulated the standard for reviewing pleadings in a motion to dismiss and the Court applies that standard here. *See Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662.

[3] When the jurisdictional basis of a claim implicates the merits of such claim, the Court must apply a Rule 56 summary judgment standard on a factual attack on subject-matter jurisdiction. *Lawrence*, 919 F.2d at 1530. It might be argued that such intersection exists here as whether Plaintiff has standing and whether she has adequately pled a Title III claim both rely on her pleading an injury-in-fact. However, *Lawrence* is inapplicable to the factual attack here. In *Lawrence*, the Eleventh Circuit was concerned that a factual attack on subject-matter jurisdiction could effectively operate as back-door to indirectly attack the merits of a plaintiff's claim and evade Rule 56 protections. *See Lawrence*, 919 F.2d 1525. No such concerns exist here as there are no factual disputes. As already discussed, Defendant's motion presents a facial attack on subject-matter jurisdiction, which requires that the Court take the pleadings as true. Indeed, a "12(b)(1) factual evaluation may [only] occur … from the time the answer has been served until after the trial has been completed." *Mortensen*, 549 F.2d at 891–92. As Defendant has not served an answer, the Court may not yet consider any factual attacks on subject-matter jurisdiction. *Id.* Accordingly, the Court discusses both Defendant's Rule 12(b)(1) argument and its Rule 12(b)(6) argument. *Lawrence*, 919 F.2d at 1531 ("[f]ederal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact."); *McCorvey v. United States*, No. 12-00757-KD-C, 2014 WL 4594475, at *3 n.7 (S.D. Ala. Sept. 11, 2014) (finding *Lawrence* inapplicable to a facial attack with no factual dispute and proceeding on 12(b)(1) and 12(b)(6) grounds because Lawrence was based on a factual dispute that implicated both the merits of the claim and subject-matter jurisdiction).

### III.   Rule 12(b)(1) – Defendant's Grounds for Challenging Standing

Defendant argues that Plaintiff lacks standing both because she has not alleged that she suffered an injury-in-fact nor established a real threat of future injury. D.E. 10. Specifically, Defendant argues that Plaintiff's sole motive in visiting the website was to test it for compliance, and she does not allege that she intended to reserve a room at the hotel prior to filing the complaint and therefore fails to allege an injury-in-fact. *Id.* Similarly, Defendant argues that Plaintiff has not alleged a real threat of future injury because she does not allege that she intends to use the website to reserve a room at the Property in the future. D.E. 10. Rather, Plaintiff's complaint only contains vague and conclusory allegations that "she intends to revisit the website 'in the near future.'" D.E. 10 at 4 (citing D.E. 1 ¶ 11). For the reasons set out below, the Court agrees.

### i.   Rule 12(b)(1) – Injury-in-Fact

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), as revised (May 24, 2016) (citation omitted). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* (citation omitted). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist. *Id.* (citation omitted).

Plaintiff's ADA-tester motive does not negate her injury-in-fact, and she need not allege that she intended to book a room to adequately plead an injury-in-fact. Plaintiff alleges that she, as a disabled woman, was unable to determine the Property's accessibility features in violation of the ADA. D.E. 1 ¶ 10. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1332 (11th Cir.

2013) ("[t]he alleged violations of [Plaintiff's] statutory rights under Title III may constitute an injury-in-fact, even though [s]he is a mere tester of ADA compliance.").

While her tester motive does not negate her injury-in-fact, her inadequate pleading does. As Defendant notes, Plaintiff's complaint merely alleges that she:

> "[v]isited the website for the purpose of reviewing and assessing the accessible features at the Property and [to] ascertain whether they meet the requirements of 28 C.F.R. § 36.302(e) and her accessibility needs. However, [she] was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. § 36.302(e)."
> D.E. 1 ¶ 10.

This conclusory allegation does not explain exactly what the injury was other than that she was unable to review the accessibility features of the property; it does not adequately connect the accessibility requirements of 28 C.F.R. § 36.302(e) with the Property's website or Defendant in any way other than to say that Defendant failed to comply with the ADA guidelines. She does not allege that the website is not compliant with § 36.302(e), by for example, failing to permit her to book an accessible room, or failing to provide any accessibility information. *See* 28 C.F.R. § 36.302(e). The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662. Accordingly, Plaintiff's complaint does not allege a concrete and particularized injury-in-fact that is "plausible on its face." *Twombly*, 550 U.S. 544.

As Plaintiff seeks injunctive relief, a mere allegation of past harm is insufficient to demonstrate standing; Plaintiff must also show a "real and immediate" threat of future injury. *Wooden*, 247 F.3d at 1284 (citation omitted). However, as Plaintiff has failed to plead a concrete injury-in-fact, it follows that she also cannot show a real and immediate threat of future injury.[4]

---

[4] The Court notes that the Eleventh Circuit has consistently held that on a facial attack of subject-matter jurisdiction at the pleading stage, an allegation of future injury is sufficient to grant standing. *See Stevens v. Premier Cruises, Inc*., 215 F.3d 1237 (11th Cir. 2000) (explaining that the Eleventh Circuit was "satisfied" that the plaintiff's allegation in her amended complaint that she would take another cruise on Defendant's ship "in the near future" was

ii.   Rule 12(b)(1) – Plaintiff has not Adequately Alleged that the

Injury-in-Fact is Traceable to Defendant's Conduct

Even if Plaintiff's complaint sufficiently alleged a concrete injury-in-fact, she must also demonstrate that the injury-in-fact is fairly traceable to Defendant's conduct; she has not. *Mulhall*, 618 F.3d at   1286 (citation omitted). Plaintiff's complaint alleges that Defendant operates or controls the Property's website, D.E. 1 ¶ 9, and that she was unable to review the accessibility features of the Property because Defendant failed to comply with the ADA. *Id.* ¶ 10. In addition to not specifying her injury-in-fact, Plaintiff has not alleged *what* Defendant's conduct was and *how* Defendant's conduct prevented her from reviewing the accessibility features of the Property or otherwise led to the vaguely pled injury-in-fact. Accordingly, the Court is unable to conclude that Plaintiff's inability to assess the Property's accessibility features is fairly traceable to Defendant's conduct.

iii.   Rule 12(b)(1) – Redress

As already discussed, the Court cannot craft a favorable judgment on the current pleadings to remedy the harm alleged, because the harm has not been adequately pled.

**V.   Conclusion**

For the aforementioned reasons, Plaintiff has not met her burden of demonstrating that she has standing and Defendant's Motion to Dismiss is granted. However, as these issues can be

---

sufficiently pled to allege standing for injunctive relief under Title III of the ADA); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (affirming dismissal of Plaintiff's complaint for lack of standing where complaint contained only past incidents of discrimination and no allegation of future harm); *Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 866 (11th Cir. 2014) (holding that *Stevens* compelled the conclusion that Plaintiff's allegation in his complaint that he had future cruises planned was sufficient to establish a real and immediate threat of future injury).

cured through amendment, the Court will grant Plaintiff leave to amend the complaint.[5]

Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiffs' Complaint, D.E. 10, is GRANTED. Plaintiff's Complaint is dismissed without prejudice. It is further

ORDERED AND ADJUDGED that Plaintiff may file an amended complaint by Friday, **May 18, 2018** if it wishes to do so. **Failure to file an amended complaint by this deadline will result in a dismissal of Plaintiff's action. ALL OTHER DEADLINES REMAIN IN FULL FORCE AND EFFECT**

DONE AND ORDERED in Chambers at Miami, Florida, this _14th_ day of May, 2018.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record

---

[5] As the Court finds that Plaintiff lacks standing, it is unable to assess Defendant's 12(b)(6) arguments that Plaintiff fails to state a claim. *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001) ("[A] federal court is powerless to act beyond its statutory grant of subject matter jurisdiction….").