**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PATRICIA KENNEDY,**

Plaintiff,

v. Case No: 1:18-cv-20839-UU

**FLORIDIAN HOTEL, INC.,**

Defendant,
_______________________________/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This is an action brought pursuant to the Americans With Disabilities Act, in which the Plaintiff, Patricia Kennedy, is requesting this Court to order the Defendant to bring its on line hotel reservation system, located at http://www.floridianhotel.com/ into compliance with the requirements of 28 C.F.R. Section 36.302(e). Pursuant to Rule 56, *Fed.R.Civ.P.*, Ms. Kennedy, now moves this Court for entry of summary judgment. In support of this motion, she would show the Court that there are no issues of material fact and that the Plaintiff is entitled to judgment in her favor as a matter of law. A separate Statement of Material Facts accompanies this motion.

## I. THE LAW.

### A. The Americans With Disabilities Act.

In enacting the Americans with Disabilities Act ("ADA"), Congress noted that the many forms such discrimination takes include "outright intentional exclusion" as well as the

"failure to make modifications to existing facilities and practices." 42. U.S.C. § 12101(a)(5). Congress concluded that there was a "compelling need...[for a] clear and comprehensive national mandate" to eliminate discrimination against disabled individuals, and to integrate them "into the economic and social mainstream of American life." S. Rep. No. 101-116, p. 20 (1989); H.R. Rep. No. 101-485, pt. 2, p. 50 (1990), U.S.Code Cong. & Admin.News 1990, pt. 2, pp. 303, 332.

Title III of the ADA prescribes, as a "[g]eneral rule":

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), operates a place of public accommodation.

42 U.S.C. § 12182(a).

"Disability" means, with respect to an individual: a physical or mental impairment that substantially limits one or more of the major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment. 42 U.S.C. §12102(2).

The phrase "public accommodation" is defined in terms of twelve (12) extensive categories and specifically includes hotels, 42 U.S.C 12182 (7)(A).

As the owner of a place of public accommodation, specifically, the Floridian Hotel, the Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Those regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public

accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

This Court has original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 28 U.S.C. § 1331 and 28 U.S.C. § 1343, 42 U.S.C. § 12181 *et seq*. See also 28 U.S.C. § 2201 and § 2202.

Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the property to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant

cures its violations of the ADA.

**B. Summary Judgment**

Rule 56( c), *Fed.R.Civ.P.*, says that "summary judgment is appropriate when the pleadings, depositions, affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* The party moving for summary judgment must first demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A 'genuine issue' exists when there is sufficient evidence to permit a reasonable jury to find for the nonmoving party. *See, Bourque v. FDIC,* 42 F.3d 704 (1st Cir. 1994). A 'material fact' is one that has the potential to affect the outcome of the suit under applicable law. *Id.*

Additionally, a party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The nonmovant "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another." *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985); *See also O'Connor v. Consolidated Coin Caterers Corp.,* 56 F.3d 542, 545 (4th Cir. 1995), rev'd on other grounds, 517 U.S. 308 (1996). "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56] must set forth specific facts showing that there is a genuine issue for trial." *Celotex* at 324. *See also, Anderson*, *supra*.

**II. ARGUMENT**

In order to state a claim under the Americans With Disabilities Act, a plaintiff need only establish that (1) she is disabled, (2) that the property she visited is a place of public accommodation, and (3) that she was denied full and equal treatment because of her disability. *E.g., Access Now, Inc., v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1363 (S.D. Fla 2001).

Because Patricia Kennedy is mobility impaired (Statement of Material Facts, ¶1 )[1], she qualifies as a disabled person within the meaning of Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12181, *et seq*.

The Defendant own and operate the Floridian Hotel (Statement, ¶ 4 ). That hotel is a place of public accommodation within the meaning of the law. Thus, the Defendants are responsible for complying with the obligations of the ADA including those established by 28 C.F.R. Section 36.302(e)(1).

The Defendant owns and operates the website located at http://www.floridianhotel.com/ (Statement, ¶ 5).

When Ms. Kennedy travels any distance, she normally spends the night in local hotels. When looking for potential places to stay, it is important to her to be able to determine whether or not a particular establishment is ADA compliant and what accommodations are available that pertain to her particular disabilities (Statement, ¶ 3).

As of the date on which this lawsuit was filed, the Defendant's website admittedly failed to comply with the requirements of 28 C.F.R. Section 36.302(e)(1)(Statement, ¶ 8).

When, prior to the filing of this lawsuit, Ms. Kennedy visited the Defendant's

---

[1]Hereinafter, "Statement" followed by a paragraph number.

website, she was unable to determine whether or not the hotel met her accessibility needs because it failed to comply with the requirements set forth in 28 C.F.R. 36.302(e)(Statement, ¶ 6). Thus, Ms. Kennedy was both deprived of the opportunities offered to the non-disabled public of enjoying equal access to the full advantages, benefits, goods and services available at the property, segregated her from the able bodied, and treated differently than members of the non-disabled public on the basis of her disability (Statement, ¶ 7).

As of June 11, 2018, the Defendant had done nothing to bring its website into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1)(Statement, ¶ 9&10). For that reason, it is virtually certain that, when Ms. Kennedy revisits the Defendant's website 28 C.F.R. Section 36.302(e)(1)(Statement, ¶ 11), she will encounter the same discriminatory conditions.

As discussed above, and as the evidence before this Court establishes, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

Injunctive relief is required both to compel compliance and insure continued

compliance. Neither post lawsuit compliance nor promises of such compliance are sufficient to defeat a request for injunctive relief. *Sheeley v. MRI Radiology Network, P.A.*, 505 F.3d 1173 (11th Cir. 2007).

**III. CONCLUSION**

In this case, the Plaintiff has shown a concrete and imminent injury that is traceable to the Defendant's actions. The Plaintiff has visited the website and desires to avail herself of the goods and services available at the Defendants' property. In its current form, the website is not compliant with the ADA. The Defendant's bringing its website into compliance with the ADA will redress the Plaintiff's injury.

**WHEREFORE**, Plaintiff requests that Summary Judgment be entered in Plaintiff's favor as there exists no genuine issue of material fact, and that the Court Order that the Defendant to bring their website into immediate compliance with the ADA, and award Plaintiff her attorney's fees, and litigation expenses, including expert fees and costs.

*/s/ Philip Michael Cullen, III.*
Fla. Bar No: 167853
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone; (954) 462-0600
Facsimile: (954) 462-1717
cullen@thomasbaconlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on August 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Philip Michael Cullen, III*