# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**PATRICIA KENNEDY,**

        Plaintiff,

v.                            Case No: 1:18-cv-20839-UU

**FLORIDIAN HOTEL, INC.,**

        Defendant,

_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

Plaintiff, Patricia Kennedy, submits the following Statement of Material Facts in support of her motion for summary judgment.

The following exhibits accompany this filing.

Exhibit "A" Affidavit of Patricia Kennedy.

Exhibit "B" Defendant's response to Plaintiff's request for admissions.

Exhibit "C" Defendant's answers to Plaintiff's Interrogatories.

### STATEMENT OF THE FACTS

1. As the result of a spinal injury she suffered in automobile accident, Ms. Kennedy is unable to engage in the major life activity of walking more than a few steps without assistive devices and cannot stand unassisted and must use a wheelchair, a cane, or other support.

1

In addition, she has only limited use of my hands. Her disabilities notwithstanding, Ms. Kennedy gos grocery shopping, shops for clothes, goes out to eat, and does all of the other things able bodied individuals do. She frequently travel throughout Florida's East Coast including Miami-Dade County (Ex A, ¶ 1).

2. Ms. Kennedy is an advocate on behalf of both herself and other similarly situated disabled persons and considers herself a tester.  As a tester, she visits various places of public accommodation and their associated websites to ascertain whether they are in compliance with the Americans With Disabilities Act. In the event that they are not, she requests that a law suit be filed to bring the place into compliance with the ADA so that I and other disabled persons can use it.  If a law suit is filed to bring the facility or website into compliance, she subsequently revisits each property or website to ascertain whether the ADA violations have been fixed  (Ex A, ¶ 4).

3. When Ms. Kennedy travels any distance, she normally spends the night in local hotels. When looking for potential places to stay, it is important to her to be able to determine whether or not a particular establishment is ADA compliant and what accommodations are available that pertain to her particular disabilities. More specifically, she requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be

2

sufficiently lowered so that someone in a wheelchair can reach them. She also has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. Ms. Kennedy is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. Ms. Kennedy requires grab bars both behind and beside a commode so that she can safely transfer. She has difficulty reaching the flush control if it is on the wrong side. Doorways mush have the proper clearance. With respect to hotels, she requires a compliant roll-in shower or tub to bathe. When reviewing an online reservation system, the site must contain sufficient information so that she can ascertain whether or not the hotel's rooms and features are accessible to her (Ex A, ¶ 5). .

4. Defendant owns and operates a place of public accommodation, known as the Floridian Hotel located in Homestead, Florida  (Ex B, ¶ 1; Ex C, ¶ 18).

5. The Defendant advertizes its motel through a website it owns and operates. The website is located at www.floridianhotel.com  (Ex B, ¶ 3; Ex C ¶ 2).

6. Prior to the commencement of this lawsuit, Ms. Kennedy visited that website for the purpose of assessing the accessible features at the property and ascertain whether the website met the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, she was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. 36.302(e) (Ex A, ¶ 2).

7. As a result, Ms. Kennedy  was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the website indicates that the hotel offers various rooms with different

classes of sleeping accommodations, but does not identify any accessible rooms or provide any information as to whether they have compliant roll-in showers, tubs, built in seating, grab bars, commodes, sinks, maneuvering spaces, reachable amenities, compliant doors, hardware, operating mechanisms. With respect to the common areas, there is no information pertaining to accessibility with respect to the pool, routes around the facility, transaction counters, common area restrooms, handicap parking spaces, business center, laundry, restaurant or any other information which she requires to ascertain whether the hotel and its guestrooms are accessible to her  (Ex A, ¶ 7).

8. The website did not conform with the requirements and guidelines set forth by/in the 28 C.F.R. Section 36.302(e)(1) as of date the Complaint was filed in the instant action (Ex B, ¶ 5).

9. The website does not presently conform with the requirements and guidelines set forth by/in the 28 C.F.R. Section 36.302(e)(1)(Ex B, ¶ 4).

10. Defendant has not made any efforts to ensure that the website complies or conforms with the standards or guidelines published at 28 C.F.R. Section 36.302(e)(1) (Ex B ¶ 6; Ex C, ¶ 9).

11. In the near future, Ms. Kennedy intends to revisit Defendant's website and/or online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the property (Ex A, ¶ 8).

12. The Plaintiff is aware that one of the purposes of the ADA was to eliminate

discrimination against the disabled on a nation wide basis. She does not like being discriminated against, segregated from the able bodied public, and treated like a second class citizen. Ms. Kennedy will not tolerate being told that she cannot go places and do things that the able bodied can do. Because of the  dismal state of non-compliance she encountered when the Plaintiff tried to access the Defendant's website, those in wheelchairs such as myself are deterred from availing themselves of what the hotel has to offer and are deprived of the information required to determine whether she can even stay at the hotel, should Ms. Kennedy choose to do so. The Plaintiff knows that attempting to access the website and avail herself of the goods and services available at the Defendant's property would be an exercise in futility  (Ex A, ¶ 9).

       **I HEREBY CERTIFY** that, on August 7, 2018, I electronically filed the foregoing  with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record.

*/s/ Philip Michael Cullen, III.*
Fla. Bar No: 167853
Thomas B. Bacon, P.A.
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone; (954) 462-0600
Facsimile: (954) 462-1717

cullen@thomasbaconlaw.com

5