UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:18-cv-20839-UU

PATRICIA KENNEDY,

    Plaintiff,
v.

FLORIDIAN HOTEL, INC.,

    Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiff's motion for summary judgment, D.E. 32, and Defendant's Motion for Relief under Rule 56(d) from Plaintiff's Motion for Summary Judgment (the "Motion for Relief"). D.E. 34. The Court has reviewed the Motion, the pertinent portions of the record and is otherwise fully advised of the premises.

For the reasons set forth below, Defendant's Motion is GRANTED and Plaintiff's Motion is DENIED.

### I.    Background

On May 17, 2018, Plaintiff filed her amended complaint against Defendant, seeking a declaration that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), because Defendant's website does not provide certain accessibility features as required by 28 C.F.R. § 36.302. D.E. 21. On May 31, 2018, Defendant filed its answer to Plaintiff's amended complaint. D.E. 24. On June 12, 2018, the Court entered its Scheduling Order for Pretrial Conference and Trial, D.E. 27, setting a discovery deadline of October 5, 2018 and a dispositive motion deadline of October 26, 2018. On August 7, 2018, Plaintiff filed a motion for summary judgment, arguing that there was no genuine issue of material fact that

1

Defendant's website was not in compliance with 28 C.F.R. § 36.302(e). D.E. 32. On August 21, 2018, Defendant filed the Motion for Relief, arguing that it is entitled to relief from Plaintiff's motion for summary judgment until Defendant has had time to finish discovery in-line with the Court's Pretrial Scheduling Order. D.E. 34.

## II.     Legal Standard

Federal Rule of Civil Procedure 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
>   (1) defer considering the motion or deny it;
>
>   (2) allow time to obtain affidavits or declarations or to take discovery; or
>
>   (3) issue any other appropriate order.
>
> Fed. R. Civ. P. 56(d).

To obtain a Rule 56(d) continuance, a party must "set[ ] forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir.1998). "A party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts, but rather he must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. *Cordero v. Readiness Mgmt. Support, L.C*., No. 6:11-CV-1692-ORL-19, 2012 WL 3744513, at *3 (M.D. Fla. Aug. 29, 2012) (quotations omitted).

## III.    Discussion

Plaintiff alleges that Defendant's property and website violate the ADA and she has visited and intends to re-visit the website; Plaintiff does not allege that she has visited the hotel itself. D.E. 1. Defendant's answer and affirmative defenses assert that Defendant lacks standing to

bring her claim. In this Motion, Defendant argues that the Court should permit it to depose Plaintiff because deposing Plaintiff will enable Defendant to determine if Plaintiff has standing to bring suit. D.E 34 at 5. Specifically, Defendant argues that in order to have standing to bring this claim, Plaintiff must have a requisite, concrete and specific intent to return to the property. *Id.* (quoting *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-CV-2342-T-30EAJ, 2012 WL 4479005, at *5 (M.D. Fla. Sept. 28, 2012). Defendant continues that:

> a review of the Court's CM/ECF filing system will show that Plaintiff has filed so many lawsuits in the Southern District of Florida alone, alleging the same intent to return, <u>that it would be necessary for Defendant to be afforded the opportunity to depose Plaintiff and assess the veracity of her assertions that she intends to return to the website.</u>
> *Id.* (emphasis added).

Plaintiff responds that in requests for admissions, Defendant has conceded that the website did not and does not conform with the requirements and guidelines set out in 28 C.F.R. Section 36.302(e)(1), a central contention in Plaintiff's complaint. D.E. 35 ¶ 5. Plaintiff continues that deposing Plaintiff to determine whether she has a concrete and specific intent to return to the property is not necessary to determine standing because Plaintiff has asserted that she intends to return to the *website*, which she can access from anywhere. D.E. 35.

The Court agrees with Defendant. When a party seeks an injunction against future violations of the ADA, Article III standing requires "a real and immediate threat of future injury." *Wooden v. Board of Regents of University System of Georgia*, 247 F.3d 1262, 1284 (11th Cir.2001); *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2007 WL 2819522, at *4 (S.D. Fla. Sept. 25, 2007) (explaining that one factor used to determine if a party will suffer a real and immediate threat is "the definitiveness of Plaintiff's plan to return [to the public acommodation and suffer a repeat injury]"). "The Eleventh Circuit has not addressed whether websites are public accommodations for purposes of the ADA." *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp.

3d 1340, 1348 (S.D. Fla. 2017); *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1364 (S.D. Fla. 2001) ("Absent an allegation <u>that he intends to return to the public accommodation</u>, an ADA plaintiff fails to demonstrate this 'irreducible minimum' and thus lacks standing to sue for injunctive relief.") (quotation omitted) (emphasis added). Accordingly, it is not immediately clear that Plaintiff's professed visit and intent to return to the website, as opposed to the property, is sufficient to constitute a real and immediate threat of future injury. Accordingly, Defendant's proposed discovery, a single deposition of Plaintiff, to determine whether she has visited the website or property and/or intends to return to the property or website would enable Defendant to more accurately and comprehensively make his standing argument. Moreover, the delay occasioned by permitting Defendant this deposition would be minimal as the parties are still within the discovery period set by the Court and would therefore need to conclude any deposition by the discovery deadline of October 5, 2018. Lastly, there is no prejudice to Plaintiff in that Plaintiff would still have three weeks to re-file its summary judgment motion by the deadline of October 26, 2018. Accordingly, it is

ORDERED AND ADJUDGED that Defendant's Motion for Relief under Rule 56(d) from Plaintiff's Motion for Summary Judgment, D.E. 34, is GRANTED. Plaintiff's motion for summary judgment, D.E. 32, is DENIED WITHOUT PREJUDICE as premature. If Plaintiff so desires, when discovery has ended and on or before the motion deadline. It is further

ORDERED AND ADJUDGED that Plaintiff shall make herself available for deposition by the discovery deadline.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of September, 2018.

*[signature]*

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf