UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-20839-UU

PATRICIA KENNEDY, individually

    Plaintiff,

v.

FLORIDIAN HOTEL, INC., a Florida corporation,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Floridian Hotel, Inc. ("Defendant"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, hereby files its Response in Opposition to Plaintiff's Second Motion for Summary Judgment ("Motion"), and states as follows:

**INTRODUCTION**

Plaintiff, Patricia Kennedy ("Plaintiff") brought this action against Defendant for one alleged violation of the Americans With Disabilities Act ("ADA") related to Defendant's website, http://www.floridianhotel.com ("Website"). In Plaintiff's Amended Complaint [D.E. 21] and subsequent Second Motion for Summary Judgment [D.E. 38], Plaintiff seeks injunctive relief and recovery of her attorney's fees and costs. For the reasons set forth herein, Plaintiff is not entitled to judgment as a matter of law.

Plaintiff's Motion should be denied because her claims are moot. Defendant has modified the Website such that it is in compliance with the ADA, and will remain in compliance absent any orders of this Court. Plaintiff's Motion should also be denied because she lacks standing for two reasons. Plaintiff lacks standing because she did not suffer an injury that is fairly traceable to Defendant's conduct. Plaintiff visited Defendant's Website in order to aid in

her trip to Miami-Dade County, not to ascertain whether the Website was in compliance with the ADA. However, she ultimately canceled her trip for reasons unrelated to Defendant or its Website. Moreover, by the time she filed this action, she did not have any definite plans to utilize Defendant's hotel, and therefore was not deprived of the opportunities offered to the non-disabled public of enjoying equal access to the full advantages, benefits, goods and services available at the subject property. Plaintiff also lacks standing because there is no real and immediate threat of future injury to her, because of the lack of proximity of Defendant's hotel to Plaintiff, Defendant's prior failure to patronize Defendant's hotel, and her lack of frequency of travel to the area. Moreover, she simply did not have the requisite concrete and specific intent to travel (let alone return) to the subject property at the time the action was instituted. Accordingly, Defendant's Second Motion for Summary Judgment should be denied.

## **LEGAL STANDARD**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of a factual dispute is not by itself sufficient grounds to defeat a motion for summary judgment; rather, "the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See*

*Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). The Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Once the moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs.*, LLC, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in favor of that party. *See Shiver*, 549 F.3d at 1343.

**ARGUMENT**

I. **Plaintiff's claim is moot.**

Plaintiff's Complaint [D.E. 1] failed to allege a concrete and particularized injury-in-fact that was plausible on its face. Accordingly, this Court dismissed the same, and granted Plaintiff leave to amend. [D.E. 20]. Plaintiff's Amended Complaint made only two substantive changes, adding paragraphs 11 and 12. *See id.* Paragraph 11 alleges that the Website does not contain information as to whether any of the hotel rooms are accessible, or whether they offer compliant/accessible roll-in showers, among a laundry list of other accessibility features. Paragraph 12 alleges that Defendant failed to post the required information on its Website. As these were the only substantive changes made to the Complaint, Plaintiff's pleadings only assert that Defendant is in violation of 28 C.F.R. Section 36.302 (e)(1)(ii).

This regulation, which is based on a reasonableness standard, states in its relevant parts,

> (e)(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> > (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to **reasonably** permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

Emphasis added. The Final Rules promulgating 28 C.F.R. § 36.302(e)(1)(ii) even recognize that "the information and level of detail needed will vary based on the nature and age of the facility." *See* Nondiscrimination on the Basis of Disability in State and Local Government Services; Final Rules, 75 Fed. Reg. 56,236, 56,274 (Sept. 15, 2010) (to be codified at 28 C.F.R. pt. 36) ("Final Rules"). The Department of Justice explained,

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. *For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices).* Based on that information, many individuals with disabilities will be comfortable making reservations.

Final Rules, 75 Fed. Reg. 56,274 (emphasis added); *see also*, 2010 guidance document from the DOJ, https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a2010guidance.

As Defendant's hotel has been altered in the 2010s, it is necessarily in compliance with the 1991 Standards described by the Final Rules, and as Defendant has modified its website to ensure that its Website contains the information specified in the Final Rules, including simply stating that the property is accessible, Defendant has mooted Plaintiff's claim. *See* SOF,[1] ¶¶ 1, 4, 6, 7, 10-12, 16; *see also*, *Barnes v. Marriott Hotel Services, Inc.*, No. 15-CV-01409-HRL, 2017

---

[1] Defendant's Statement of Disputed Facts in Opposition to Plaintiff's Statement of Material Facts and Statement of Additional Material Facts in Opposition to Plaintiff's Motion for Summary Judgment [D.E. 44-1] is filed concurrently herewith.

WL 635474, *1 (N.D. Cal. Feb. 16, 2017) (granting Marriott's summary judgment motion because the plaintiff lacked standing and, alternatively, the website sufficiently complied with the reservation regulations despite the plaintiff's demand for more information).

Article III, § 2 of the United States Constitution limits federal jurisdiction to actual cases or controversies. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *See, e.g.*, *Najjar v. Ashcroft*, 273 F.3d 1330 (11th Cir. 2001). Moreover, "[i]f the events that occur subsequent to the filing of a lawsuit…deprive the court of the ability to give the plaintiff…meaningful relief, then the case is moot and must be dismissed." *Houston v. 7-Eleven, Inc.*, No. 13-60004-CIV, 2014 WL 351970, at *1 (S.D. Fla. Jan. 31, 2014). Accordingly, "[i]f no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot because there is no basis for relief and there is nothing for the court to order the facility to change." *Gasper v. Marie Callender Pie Shops*, CV 05-1435 CMB (SSX), 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal. June 27, 2006) (holding that defendants' remedial efforts rendered plaintiffs ADA moot).

Indeed, a defendant cannot always moot a case by voluntarily ceasing the offensive behavior; otherwise "courts would be compelled to leave the defendant free to return to his old ways." *Houston,* 2014 WL 351970 at *2. However, "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. Specifically, under the voluntary-cessation doctrine, a court must evaluate:

> (1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability. *Id.*

In the matter at bar, the challenged conduct was isolated and unintentional as opposed to a deliberate practice, and its cessation was not timed to anticipate suit, as Defendant testified that he was unaware that the Website was out of compliance with the regulation until Plaintiff brought

it to Defendant's attention. *See* SOF, ¶ 5. Moreover, as per Defendant's testimony, the subject Website is infrequently changed; it will accordingly not be changed back in order to remove the additional features that were added, regardless of whether an injunction is issued. *See* SOF, ¶ 7.

Further, even if Plaintiff's Amended Complaint weren't limited to simply one of the five sub-paragraphs of 28 C.F.R. Section 36.302 (e)(1), Defendant has ensured that its website is in also compliance with sub-paragraphs (i), (iii), (iv), and (v) thereof. *See* SOF, ¶ 9-18. Therefore, as Defendant has fixed all of the alleged violations of 28 C.F.R. Section 36.302 (e)(1), Plaintiff's Motion should be denied as Plaintiff's claims are moot because Defendant's actions after the lawsuit was filed make it clear that the alleged wrongful conduct "could not reasonably be expected to recur." *Houston,* 2014 WL 351970 at *2.

## II. **Plaintiff did not suffer an injury that is fairly traceable to Defendant's conduct.**

Title III of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). A private right of action is available "to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter...." 42 U.S.C. § 12188(a)(1). "A plaintiff alleging Title III ADA discrimination must initially prove that (1) he is a disabled individual; (2) the defendant[ ] own[s], lease[s], or operate[s] a place of public accommodation; and (3) the defendant[ ] discriminated against the plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011) (citing 42 U.S.C. § 12182(a)). Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, **when** such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities…."

42 U.S.C. § 12182(b)(2)(A)(ii) (emphasis added).

Plaintiff bears the burden of establishing the three elements comprising the "irreducible constitutional minimum of standing," which is determined at the time of the institution of the action. *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (citing *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000)). First, Plaintiff must establish an injury-in-fact. The injury-in-fact must be "concrete and particularized" (as opposed to being "conjectural or hypothetical"). *Id.* (internal citations and quotation omitted). To satisfy this requirement, Plaintiff must "present 'specific, concrete facts' showing that the challenged conduct will result in a 'demonstrable, particularized injury' to the plaintiff." *Miccosukee Indian Tribes of Fla. v. Fla. State Athletic Ass'n*, 226 F.3d 1226, 1229 (11th Cir. 2000) (quoting *Cone Corp.*, 921 F.2d at 1204). Plaintiff must also establish a causal connection between the alleged injury-in-fact and the conduct complained of. *Lujan v. Defs. of Wildlife*, 504 U.S. at 560 (internal quotation and citation omitted). "Each element [of standing] must be supported in the same way as any other matter on which plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." *Id.* at 561 (citation omitted).

Accordingly, as the instant action has moved beyond the pleading stage, the Court is neither required to accept general factual allegations of injury, nor presume that general allegations embrace those specific facts that are necessary to support them. See *id*. Accordingly, where Plaintiff's inadequate pleading previously negated her tester motive as alleged in her initial Complaint, her deposition testimony now contradicts it. *See* D.E. 20, pg. 9. Specifically, Plaintiff visited Defendant's Website in order to aid in her trip to Miami-Dade County, not to ascertain whether the Website was in compliance with the ADA, and she ultimately canceled her

trip for reasons unrelated to Defendant or its Website. *See* SOF, Ex. A., pg. 15, ls. 12-15; pg. 16, ls. 1-18; pg. 17, ls. 1-8, 18-25; pg. 18, ls. 1-3; pg. 21, ls. 8-11; pg. 29, ls. 2-12; pg. 30, ls. 18-25; pg. 31, ls. 1-8, 13-24. In fact, by the time she filed this action, she did not have any definite plans to utilize Defendant's hotel. See SOF, Ex. A., pg. 17, ls. 13-17; pg. 18, ls. 5-17; pg. 28, ls. 23-25; pg. 29, ls. 13-25; pg. 31, l. 25; pg. 32, ls. 1-11, 22-25; pg. 33, ls. 1-3.

Defendant's actions or inactions with respect to the Website therefore did not deprive Plaintiff of the opportunities offered to the non-disabled public of enjoying equal access to the full advantages, benefits, goods and services available at the subject property. This is important because the text of the ADA conditions the injury of discrimination (failure to make reasonable modifications) to those circumstances in which such modifications are necessary to afford Defendant's accommodations to Plaintiff. *See* 42 U.S.C. § 12182(b)(2)(A)(ii). As Plaintiff's testimony establishes that her failure to utilize Defendant's accommodations was unrelated to its Website, she has not established an injury in fact that is fairly traceable to Defendant's conduct, she lacks standing to pursue this action against it, and her Motion must therefore be denied.

### III.     There is no real and immediate threat of future injury to Plaintiff.

Plaintiff also lacks standing to maintain this ADA lawsuit against Defendant because there is no real and immediate threat of future injury to her. A party must show more than a merely conjectural or hypothetical-threat of future injury." *See Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-CV-2342-T-30EAJ, 2012 WL 4479005, at *5 (M.D. Fla. Sept. 28, 2012) (finding Plaintiff lacked standing because she lacked "the requisite concrete and specific intent to return" to property she filed an ADA lawsuit against).

Although the Eleventh Circuit has ruled that an ADA tester's *motive* for a future visit to a place of public accommodation does not preclude him or her from having standing to seek

injunctive relief, each plaintiff must nevertheless establish standing on the facts of the case before the court. *Houston v. Marod Supermarkets, Inc.*, 733 F. 3d 1323, 1335 (11th Cir. 2013). Accordingly, even if the Court accepted Plaintiff's unsupported tester motive, she would still have to have concrete plans to either return to the property or premises, or at least have intended to do so. In the matter at bar, Plaintiff simply did not have the requisite concrete and specific intent to travel (let alone return) to the subject property at the time the action was instituted. As previously discussed, Plaintiff had not visited the hotel at that time, and did not have any definite plans to do so. Notwithstanding a lack of intent to visit the property, any plans she may have had to return to the Website are likewise vague and dependent on a variety of factors outside her control. *See* SOF, Ex. A, pg. 38, ls. 10-12; pg. 39, ls. 2-11; pg. 41, ls. 23-25; pg. 42, ls. 1-5; pg. 43, ls. 3-11; pg. 48, ls. 8-14; pg. 49, ls. 7-23; pg. 50, ls. 16-19.

Further, analyzing the threat of future discrimination frequently turns on three additional factors, in addition to Plaintiff's intent to return. *See Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1222-3 (M.D. Fla. 2012) (quoting *Fox v. Morris Jupiter Assocs.*, No. 05-80689-CIV, 2007 WL 2819522, at * 4 (S.D. Fla. Sept. 25, 2007)). None of these factors weigh in Plaintiff's favor because of the lack of proximity of Defendant's hotel to Plaintiff, Defendant's prior failure to patronize Defendant's hotel, and her lack of frequency of travel to the area. Moreover, Plaintiff did ultimately end up booking and staying in one of the accessible rooms that Floridian advertises on its Website, further demonstrating the lack of harm to her.[2] *See* D.E. 40-1, Statement of Patricia Kennedy made pursuant to 28 U.S.C. 1746, ¶¶ 8,9. Accordingly, there is no likelihood of future harm to Plaintiff, and she therefore lacks standing to continue this action.

---

[2] This October 8, 2018 visit was after her September 14, 2018 deposition was taken, after her lack of standing became obvious, and after the Court issued its September 24, 2018 Omnibus Order dealing in part with this issue. [D.E. 37]. This visit should be taken for what it was, an attempt to salvage her lack of standing at the time suit was filed.

### IV. Conclusion

Plaintiff's Motion for Summary Judgment should be denied as her claims are moot and as she lacks standing.[3]

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 6, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

**MINERLEY FEIN, P.A.**
Attorneys For Defendant
1200 North Federal Highway, Suite 420
Boca Raton, Florida  33432
Telephone: (561) 362-6699
Facsimile:  (561) 447-9884

By:/s/ Kenneth L. Minerley
Kenneth L. Minerley
Fla. Bar No. 0521840
Ken@minerleyfein.com
Fileclerk@minerleyfein.com

---

[3] Pursuant to Federal Rule of Civil Procedure 56(f)(1), the Court may also grant summary judgment in Defendant's favor.